UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CHARLES SCHWAB INVESTMENT MANAGEMENT, CHARLES SCHWAB & CO., INC., AND SCHWAB INVESTMENTS,

Defendants.

No. C 11-00136 WHA

[~~Proposed~~] FINAL JUDGMENT AS TO DEFENDANTS CHARLES SCHWAB INVESTMENT MANAGEMENT, CHARLES SCHWAB & CO., AND SCHWAB INVESTMENTS

The Securities and Exchange Commission having filed a Complaint and Defendants Charles Schwab Investment Management ("CSIM"), Charles Schwab & Co., Inc. ("CS&Co."), and Schwab Investments (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    (1) CSIM is liable for disgorgement of $52,327,149, representing gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,290,698,

    (2) CSIM is liable for a civil penalty in the amount of $52,327,149 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-41(e)], and

    (3) CS&Co. is liable for a civil penalty in the amount of $5,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-41(e)].

CSIM and CS&Co. shall satisfy their obligations by paying a total of $118,944,996 pursuant to the terms of the payment schedule set forth in paragraph II. The payment shall be accompanied by cover letters identifying CSIM and CS&Co. as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. CSIM and CS&Co. shall immediately transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

II.

CSIM and CS&Co. shall pay $118,944,996 in installments according to the following schedule:

    (1) CSIM shall pay $87 million, including its $52,327,149 penalty, to the Clerk of this Court within 10 days of this Final Judgment;

(2) CS&Co. shall pay its $5 million penalty to the Clerk of this Court within 10 days of this Final Judgment; and

(3) CSIM shall pay $26,944,996 to the Clerk of this Court within the later of 10 days of entry of this Final Judgment or 60 days of the filing of the Complaint in this action. Upon presentation of evidence of payment and its receipt deemed acceptable by staff of the Commission, payment of this installment shall be deemed satisfied to the extent that CSIM or CS&Co. make payments, during the time period beginning on the date of the filing of the Complaint in this action and ending 60 days thereafter, in resolution of an action, based on substantially the same facts as alleged in the Complaint in this action, brought by: the Financial Industry Regulatory Authority ("FINRA"); a self-regulatory organization (as that term is defined by Section 3(a)(26) of the Exchange Act [15 U.S.C. § 78c(a)(26)]); and/or one or more state securities authorities.

If CSIM or CS&Co. fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments due from each of them under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

Additional funds may be received from FINRA; self-regulatory organizations (as that term is defined by Section 3(a)(26) of the Exchange Act [15 U.S.C. § 78c(a)(26)]); and/or state securities authorities.

III.

The Clerk shall deposit all funds received into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee on the income of the Fund to be determined in

accordance with the fee schedule issued pursuant to 28 U.S.C. § 1914. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission will by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan shall provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, CSIM and CS&Co. shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent executed by the Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

A. Bear the costs of any administration and distribution of funds ordered hereunder and all fees of professionals appointed by the Court to provide such services to the distribution fund, including the services of the tax administrator; and

B.      Defendants shall certify, in writing, compliance with the undertaking set forth above. The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. The certification and supporting material shall be submitted to Commission attorney Robert A. Cohen, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertaking.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment until February 16, 2015, unless extended by Court order. Any motion to extend jurisdiction must be filed *before* jurisdiction expires.

Dated:     February 16, 2011.
          _____, _____



[PROPOSED] FINAL JUDGMENT                    -5-