United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES SCHWAB & CO., INC., and SCHWAB INVESTMENTS,<br><br>    Defendants.<br>                                      / | No. C 11-00136 WHA<br><br>**ORDER APPROVING DISTRIBUTION PLAN WITH MODIFICATION** |

       This order approves the proposed distribution plan filed by the Securities and Exchange Commission, with one modification. The following categories of individuals shall *not* be excluded from the definition of "Harmed Investors" in paragraph 13 of the distribution plan: all members of the immediate families (including, parents, spouses, siblings, and children) of any Schwab-Related Individual; and the legal representatives, heirs, successors-in-interest, and assigns of Schwab-Related Individuals or members of their immediate families.

       The Schwab defendants raise administrability problems with excluding these categories of individuals that are credited by this order. The Commission does not propose a concrete solution. Such administrability problems, and the attending potential for exclusion of harmed individuals with no connection to the YieldPlus Fund, must be weighed against the potential that including these categories might in some way benefit a Schwab employee who had a role in YieldPlus. This order finds that the proper solution is to *not* exclude the family-member category and the

heirs-of-employees-and-family-members category from the definition of harmed investors, based on both administrability and fairness concerns that attend the administrability problems.

On the other hand, excluding all Schwab employees from the definition of harmed investors is also the reasonable line to draw. Drawing a more circumscribed line around employees with ties to the YieldPlus Fund — as opposed to excluding all employees — has its own administrability problems that are not adequately answered by Schwab. The right line to draw is the one the Commission has drawn by excluding all employees.

The Schwab defendants make two additional objections to paragraph 13 of the proposed distribution plan that are rejected by this order. This order approves the Commission's decision to exclude other Schwab Funds whose investors indirectly invested in YieldPlus via these other Funds. Schwab itself consented to judgment concurrent to the filing of the complaint in this matter, which stated affirmatively that Schwab entities "did not have adequate policies and procedures to prevent the misuse of material, nonpublic information about the Fund" (Compl. ¶ 35). Given that the parties settled this matter, we will not determine herein the facts concerning when if at all each indirectly-investing Fund knew inside information to prompt an early redemption relative to direct investors in YieldPlus. Given the likelihood that they did redeem early to some extent, based on the settled allegations in this matter, this order approves the exclusion of the other Schwab Funds through which indirect investments in YieldPlus were made.

Lastly, this order approves the exclusion from the definition of harmed investors individuals who have received or will receive payments in connection with actions brought by Connecticut or Illinois concerning YieldPlus if such payments equal or exceed the distribution payments that they would have received from the Fair Fund in our case. Payments in the Connecticut and Illinois settlements reduced the size of the distribution fund here, pursuant to the terms of Schwab's settlement with the Commission, and resident investors of those states will receive greater payments as a result of the state actions, so they should not get additional payments here at the expense of investors from other states.

With the modification identified above, the distribution plan shall govern the management and distribution of the Fair Fund previously established by order entered April 4, 2011 (Dkt. No. 29). The hearing on June 16 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3