IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES SCHWAB & CO., INC., and SCHWAB INVESTMENTS,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 11-00136 WHA<br><br>**ORDER GRANTING MOTION FOR DISTRIBUTION OF FUNDS** |

**INTRODUCTION**

In this securities action brought by the Securities and Exchange Commission, the Commission moves for an order allowing the distribution of funds to eligible investors according to the previously approved plan of distribution. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT AND ANALYSIS**

This action was filed by the Securities and Exchange Commission in 2011 regarding defendants' offer, sale, and management of the Schwab YieldPlus Fund. Defendants consented to entry of judgment against them, which the Court entered on February 16, 2011 (Dkt. No. 12). Defendants have paid $110 million to the Clerk of the Court in satisfaction of the judgment.

On the same day that the Commission filed its complaint against the defendants in this action, the Commission also filed a complaint against Kimon Daifotis and Randall Merk in a

related action, *Securities and Exchange Commission v. Kimon Daifotis and Randall Merk*, No. 11-cv-00137-WHA. Defendants Daifotis and Merk consented to entry of judgments against them. Pursuant to the final judgments, Merk paid to the Clerk of the Court a civil penalty of $150,000 and Daifotis paid a total of $325,000 in disgorgement and civil penalty.

The funds from defendants in the instant action and the *Daifotis* action were deposited in an interest-bearing account with account number 11-cv-00136, under the case name designation "SEC v. Charles Schwab Investment Management, et al." A Fair Fund was established based on the funds in that account and Gilardi & Co., LLC, was appointed as the distribution agent. Gilardi is also the claims administrator for the class action settlement in a related action, *In re Charles Schwab Corporation Securities Litigation*, No. 08-cv-01410-WHA ("*Schwab* class action"). The distribution to class members of the $239 million settlement fund in the *Schwab* class action has been completed.

By order dated June 7, 2011, the Commission's proposed distribution plan was approved, with the modification that certain individuals related to "Schwab-Related Individuals" should not be excluded from the definition of "Harmed Investors" potentially eligible for payment (Dkt. No. 37). The distribution plan sets forth a method for analyzing losses to shareholders resulting from the conduct alleged in the Commission's complaint, including engaging financial economist Candace Preston and her firm, Financial Market Analysis, LLC. Ms. Preston previously provided declarations in support of the settlement in the *Schwab* class action. The allocation to injured investors was to be adjusted from that determined in the *Schwab* class action because (1) the time period applicable to the instant action is longer than the period relevant to the class action settlement, and (2) the distribution includes investors in the Schwab YieldPlus Fund as well as an additional fund, the Schwab Total Bond Market Fund (Dkt. No. 30 at 7; Dkt. No. 30-1 ¶ 12). The distribution plan provides that the compensable loss to a harmed investor shall be reduced by any payments received from the *Schwab* class action settlement fund, the Schwab Complaint Action Team (defendants' customer service response to address customer grievances), arbitration, settlement reimbursement "and/or similar compensations related to Schwab YieldPlus Fund and Schwab Total Bond Fund" (Dkt. No. 30-1 ¶ 19).

As set forth in the distribution plan, Gilardi and the Commission have taken steps to identify potentially harmed investors, provide notice and an opportunity to object to the loss calculations provided in the notices, and to provide an opportunity for those not originally identified as harmed investors to submit a claim. Gilardi has prepared and submitted to the Commission a final list of harmed investors and the compensable loss of each. Each harmed investor will receive a *pro rata* share of the sum available for distribution based upon each investor's compensable loss. Approximately $110,453,855 is available for distribution.

The Commission has now filed a motion for an order to transfer the funds held by the Clerk of the Court to Gilardi for *pro rata* distribution of the funds to the harmed investors identified by Gilardi pursuant to the distribution plan. No opposition or response to the motion has been received from any party. Having reviewed the motion, supporting documents, and following a hearing, to the extent stated below, the motion is **GRANTED**.

## CONCLUSION

Within fourteen days after receiving the funds described in the following paragraph, the Commission shall file under seal the final list of harmed investors eligible for payment under the distribution plan, and those who will receive notice of having a "valid, but de minimus" claim rather than any payment.

The Clerk of the Court shall issue a check on the Court Registry Investment System ("CRIS") account number 11-cv-00136, under the case name designation "SEC v. Charles Schwab Investment Management, et al." for the entire amount held in the account, less $5,245 for existing and anticipated tax liabilities and any additional amount needed to pay Court fees, and payable to "SEC v. Charles Schwab Investment Mgmt Distribution Fund" for distribution to Harmed Investors pursuant to the Distribution Plan that was previously approved by the Court.

The Clerk shall send the check by overnight mail to:

Gilardi & Co. LLC
Attn: Lara McDermott
3301 Kerner Blvd
San Rafael, CA 94901

The Commission's counsel shall provide the Court Registry with the necessary overnight shipping information and the Commission's billing number.

3

1    The Court-appointed Distribution Agent, Gilardi & Co. LLC, shall cause the entire
2 amount, less funds held in reserve to pay anticipated future tax obligations of the Fair Fund, to be
3 distributed to Harmed Investors pursuant to the Final Payee List (as defined in the Motion) in
4 accordance with the terms of the Distribution Plan.

7    **IT IS SO ORDERED.**

9 Dated: April 18, 2013. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4